# EXHIBIT C

Office of the CEO and President
Enterprise Customer Relations

August 27, 2014

Thomas A. Kenefick, III, Esq.
73 Chestnut Street
Springfield, MA 01103

Regarding: Mass. Gen. Laws Ann. Chapter 93A Demand
BankAmericard Rewards Signature Visa® account ending: 6913 (formerly 5648 and 7675)

Dear Mr. Kenefick:

Your letter dated August 8, 2014 regarding your demand for relief under the provisions of Mass. Gen. Laws Ann. (M.G.L.A.) Chapter 93A has been referred to my attention for review and reply. As a customer advocate in the Office of the CEO and President, I welcome the opportunity to respond to your concerns.

In your letter, you allege that Bank of America engaged in deceptive or unfair trade practices by providing a permanent credit to Ms. Calvanese' credit card account for the a disputed transaction made by the merchant Netrate. It is our position that, for the reasons described below, we have not engaged in any unfair or deceptive practices and are, therefore, not liable to you under M.G.L.A. Chapter 93A.

We believe our actions in connection with this claim are not the appropriate subject of M.G.L.A. Chapter 93A, as they do not comprise the type of behavior that might constitute an unfair or deceptive trade practice within the meaning of the subject statute. The nature of the claim in question precludes application of M.G.L.A. Chapter 93A. We have not willfully or negligently attempted to take advantage of you in an unfair or deceptive manner.

Although we believe M.G.L.A. Chapter 93A claim is not applicable to your claim, please consider this our response under the statute, should one be required. We feel that Bank of America bears no liability to you in this matter.

We received information from the merchant within the allotted time frame. In an effort to further assist the customer the dispute was forwarded to the merchant for pre-arbitration; however, we were to obtain a credit for the merchant at that time. As a Visa credit card issuer, we are required to comply with the Visa Chargeback Rules, which govern merchant disputes. We are unable to assist with your dispute, as the cancellation of the service was no completed in accordance with the merchant's cancellation policy, as described in the customer's contract with Netrate. Consumers are responsible for inquiring about a merchant's cancellation policies to ensure it will offer them the flexibility they need. Any credit given would be issued at the merchant's discretion, as we are unable to assist further with the dispute. Bank of America adheres for all state and federal regulations.

Bank of America takes the position that by responding to your claim herein, we have fully complied with the provisions of M.G.L.A. Chapter 93A. We will no longer respond to correspondence that raises no new issues.

Sincerely,

Charity Watson
Officer, Customer Advocate
Office of the CEO and President
C-3476222

Bank of America, NC1-007-5818
100 N TRYON ST, CHARLOTTE, NC 28255-0001

Bank of America

Equal Credit Opportunity Act Notice
The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against applicants on the basis of race, color, religion, marital status, sex, national origin, or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income is derived from any public assistance program; or because the applicant has, in good faith, exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor, Bank of America, N.A. (USA), is the Office of the Comptroller of the Currency, Consumer Assistance Unit, 1301 McKinney Avenue, Suite 3710, Houston, Texas 77010.

Bank of America